| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| IN RE COMBINED WORLD TRADE CENTER AND LOWER MANHATTAN DISASTER SITE LITIGATION (straddler plaintiffs) | 21 MC 103 (AKH) |
| RICHARD NOLAN AND STEPHANIE NOLAN<br><br>Plaintiffs,<br><br>- against -<br><br>(SEE SECTION I. B: DEFENDANTS)<br><br>Defendants. | DOCKET NO.<br><br>CHECK-OFF ("SHORT FORM") COMPLAINT RELATED TO THE MASTER COMPLAINTS<br><br>PLAINTIFF(S) DEMAND A TRIAL BY JURY |

By Case Management Order Number 1, of the Honorable Alvin K. Hellerstein, United States District Judge, dated March 28, 2007, ("the Order"), Plaintiff(s) file this "straddler" check-off complaint and incorporates herein the master complaints in 21 MC 100 and 21 MC 102.

NOTICE OF ADOPTION

All headings and paragraphs in the Master Complaints in 21 MC 100 and 21 MC 102 are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein in addition to those paragraphs specific to the individual Plaintiff(s), which are listed below. These are marked with an '☑' if applicable to the instant Plaintiff(s), and specific case information is set forth, as needed, below.

Plaintiff(s), RICHARD NOLAN AND STEPHANIE NOLAN, by his/her/their attorneys WORBY GRONER EDELMAN & NAPOLI BERN, LLP, complaining of Defendant(s), respectfully allege:

## I. PARTIES

### A. PLAINTIFF(S)

1. ☑ Plaintiff, RICHARD NOLAN (hereinafter the "Injured Plaintiff"), is an individual and a citizen of New Jersey residing at 26 Melrose Terrace, Middletown, NJ 07748.

(OR)

2. Alternatively, ☐ _____ is the _____ of Decedent _____, and brings this claim in his (her) capacity as of the Estate of _____.

3. ☑ Plaintiff, Stephanie Nolan (hereinafter the "Derivative Plaintiff'), is a citizen of New Jersey residing at 26 Melrose Terrace, Middletown, NJ 07748, and has the following relationship to the Injured Plaintiff:

    ☑ SPOUSE at all relevant times herein, is and has been lawfully married to Plaintiff RICHARD NOLAN, and brings this derivative action for her (his) loss due to the injuries sustained by her husband (his wife), Plaintiff RICHARD NOLAN.

    ☐ Parent ☐ Child ☐ Other: _____

4. In the period from 9/12/2001 to 10/1/2002 the Injured Plaintiff worked for W&W Glass Products Inc. as a General Foreman at:

*Please be as specific as possible when filling in the following dates and locations*

=====================================
☑ The World Trade Center Site
Location(s) (*i.e.,* building, quadrant, etc.)_____
_____
From on or about  9/12/2001  until  10/1/2002 ;
Approximately  12  hours per day; for
Approximately  385  days total.
=====================================
☐ The New York City Medical Examiner's Office
From on or about _____ until _____,
Approximately _____ hours per day; for
Approximately _____ days total.
=====================================
☐ The Fresh Kills Landfill
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.
=====================================

=====================================
☐ The Barge
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.
=====================================
☑ **Other:** See Chart Below

*Instructions: To the extent that plaintiff has specificity as to the area within the building/location listed, such should be indicated on a separate line. If plaintiff is unable at this time to enunciate such specificity at this time, the applicable column should be marked with an "☑." (See Sample Chart below)*

*Each sub-paragraph shall be deemed to allege: "The Injured Plaintiff at times relevant to the claims herein, worked at (address/location) for the following (dates of employment), while in the employ of (name of employer), maintaining the position of (job title) and worked at said*

***Please read this document carefully.***
***It is very important that you fill out each and every section of this document.***

2

*location for approximately (hours).i.e. The Injured Plaintiff at times relevant to the claims herein, worked at 500 Broadway, for the following dates, 10/1/01-6/1/02, while in the employ of ABC Corp, maintaining the position of cleaner and worked at said location for approximately 20 hours.*

☑   The Injured Plaintiff worked off-site at the address/location for following dates of employment, for the employer, in the job title of, and for the number of hours, as specified below.

***It is very important that you fill out each and every section of this document.***

3

*Sample Chart*

| | | ADDRESS/ LOCATION | FLOOR(S)/ AREAS | DATES OF EMPLOYMENT | NAME OF EMPLOYER | JOB TITLE | JOB ACTIVITY | HOURS WORKED | SHIFT WORKED | Percent Of Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|
| ✓ | 31a | *500 Broadway | 2 | 10/1/01-6/1/02 | ABC CORP. | CLEANER | DEMOLITION/DEBRIS REMOVAL | 20 | 8AM-5PM | 50 |
| ✓ | 31b | 1600 Broadway | 2 | 11/1/01-11/15/01 | ABC CORP. | CLEANER | X | 10 | X | 25 |
| ✓ | 31c | 1600 Broadway | basement | 12/15/01-12/16/01 | XYZ Corp. | CLEANER | X | 10 | X | 25 |
| | | | | Total Hours Worked Off-Site: | 40 | | | | | |

| | | ADDRESS/LOCATION | Floor(s)/ Areas | DATES OF EMPLOYMENT | NAME OF EMPLOYER | JOB TITLE | Job Activity | HOURS WORKED | Shift Worked | Percent Of Total |
|---|---|---|---|---|---|---|---|---|---|---|
| ☑ | 31a. | 1 World Financial Center | To Be Supplied for all Sites Listed | 02/01/2002-09/10/2002 | W&W Glass Products Inc. | General Foreman | 8/25/2007 Was volunteer for first 3 days. Then worked for W&W Glass in all 4 WFC buildings and the Wintergarden from 2/1/2002 (est) til 9/10/2002. | 1784 | To Be Supplied for all Sites Listed | 25.0% |
| ☑ | 31b. | 2 World Financial Center | | 02/01/2002-09/10/2002 | | | | 1784 | | 25.0% |
| ☑ | 31c. | 3 World Financial Center | | 02/01/2002-09/10/2002 | Same As Above | Same As Above | | 1784 | | 25.0% |
| ☑ | 31d. | 4 World Financial Center | | 02/01/2002-09/10/2002 | Same As Above | Same As Above | | 1784 | | 25.0% |
| ☐ | 31e. | | | | Same As Above | Same As Above | | | | |
| ☐ | 31f. | | | | | | | | | |
| ☐ | 31g. | | | | | | | | | |
| ☐ | 31h. | | | | | | | | | |
| ☐ | 31i. | | | | | | | | | |
| ☐ | 31j. | | | | | | | | | |
| ☐ | 31k. | | | | | | | | | |
| ☐ | 31l. | | | | | | | | | |
| ☐ | 31m. | | | | | | | | | |
| ☐ | 31n. | | | | | | | | | |
| ☐ | 31o. | | | | | | | | | |
| ☐ | 31p. | | | | | | | | | |
| ☐ | 31q. | | | | | | | | | |
| ☐ | 31r. | | | | | | | | | |
| ☐ | 31s. | | | | | | | | | |

☐ Other (if checked, attach Rider and continue with same format for sub-divisions)

The plaintiff worked for the total number of hours as indicated below:

| | |
|---|---|
| ☑ | Total Hours Worked Off-Site: 7136 |

*Continue this information on a separate sheet of paper if necessary. If more space is needed to specify "Other" locations, please annex a separate sheet of paper with the information.

5. Injured Plaintiff

☑ Was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above;

☑ Was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above;

☑ Was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above;

☑ Other: <u>Not yet determined.</u>

6. Injured Plaintiff
☑ Has not made a claim to the Victim Compensation Fund. Pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐ Made a claim to the Victim Compensation Fund that was denied. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐ Made a claim to the Victim Compensation Fund, that was subsequently withdrawn by Ground-Zero Plaintiff. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐ Made a claim to the Victim Compensation Fund that was granted. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Ground Zero-Plaintiff has waived her/his right(s) to pursue any further legal action for the injuries identified in said claim.

B. **DEFENDANT(S)**

The following is a list of all Defendant(s) named in the Master Complaints. If checked, all paragraphs pertaining to that Defendant are deemed pleaded herein.

☐ THE CITY OF NEW YORK
    ☐ A Notice of Claim was timely filed and served on _____ and
    ☐ pursuant to General Municipal Law §50-h the CITY held a hearing on _____ (OR)
    ☐ The City has yet to hold a hearing as required by General Municipal Law §50-h
    ☐ More than thirty days have passed and the City has not adjusted the claim
        (OR)
    ☐ An Order to Show Cause application to
    ☐ deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc* (for leave to file a late Notice of Claim *Nunc Pro Tunc*) has been filed and a determination
        ☐ is pending
        ☐ Granting petition was made on _____
        ☐ Denying petition was made on _____
========================================
☐ PORT AUTHORITY OF NEW YORK AND NEW JERSEY ["PORT AUTHORITY"]
    ☐ A Notice of Claim was filed and served pursuant to Chapter 179, §7 of The Unconsolidated Laws of the State of New York on
    ☐ More than sixty days have elapsed since the Notice of Claim was filed, (and)
        ☐ the PORT AUTHORITY has adjusted this claim
        ☐ the PORT AUTHORITY has not adjusted this claim.
========================================
☐ 1 WORLD TRADE CENTER, LLC
☐ 1 WTC HOLDINGS, LLC
☐ 2 WORLD TRADE CENTER, LLC
☐ 2 WTC HOLDINGS, LLC
☐ 4 WORLD TRADE CENTER, LLC
☐ 4 WTC HOLDINGS, LLC
☐ 5 WORLD TRADE CENTER, LLC
☐ 5 WTC HOLDINGS, LLC
☐ 7 WORLD TRADE COMPANY, L.P.
☑ A RUSSO WRECKING

☑ ABM INDUSTRIES, INC.
☑ ABM JANITORIAL NORTHEAST, INC.
☑ AMEC CONSTRUCTION MANAGEMENT, INC.
☑ AMEC EARTH & ENVIRONMENTAL, INC.
☑ ANTHONY CORTESE SPECIALIZED HAULING, LLC, INC.
☑ ATLANTIC HEYDT CORP
☑ BECHTEL ASSOCIATES PROFESSIONAL CORPORATION
☑ BECHTEL CONSTRUCTION, INC.
☑ BECHTEL CORPORATION
☑ BECHTEL ENVIRONMENTAL, INC.
☑ BERKEL & COMPANY, CONTRACTORS, INC.
☑ BIG APPLE WRECKING & CONSTRUCTION CORP
☐ BOVIS LEND LEASE, INC.
☑ BOVIS LEND LEASE LMB, INC.
☑ BREEZE CARTING CORP
☑ BREEZE NATIONAL, INC.
☑ BRER-FOUR TRANSPORTATION CORP.
☑ BURO HAPPOLD CONSULTING ENGINEERS, P.C.
☑ C.B. CONTRACTING CORP
☑ CANRON CONSTRUCTION CORP
☐ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
☑ CORD CONTRACTING CO., INC
☐ CRAIG TEST BORING COMPANY INC.
☑ DAKOTA DEMO-TECH
☑ DIAMOND POINT EXCAVATING CORP
☑ DIEGO CONSTRUCTION, INC.
☑ DIVERSIFIED CARTING, INC.
☑ DMT ENTERPRISE, INC.
☑ D'ONOFRIO GENERAL CONTRACTORS CORP
☑ EAGLE LEASING & INDUSTRIAL SUPPLY
☑ EAGLE ONE ROOFING CONTRACTORS INC.
☐ EAGLE SCAFFOLDING CO, INC.
☑ EJ DAVIES, INC.
☑ EN-TECH CORP
☐ ET ENVIRONMENTAL
☐ EVANS ENVIRONMENTAL
☑ EVERGREEN RECYCLING OF CORONA
☑ EWELL W. FINLEY, P.C.

8

- ☒ EXECUTIVE MEDICAL SERVICES, P.C.
- ☐ F&G MECHANICAL, INC.
- ☒ FLEET TRUCKING, INC.
- ☒ FRANCIS A. LEE COMPANY, A CORPORATION
- ☒ FTI TRUCKING
- ☒ GILSANZ MURRAY STEFICEK, LLP
- ☒ GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC
- ☒ HALLEN WELDING SERVICE, INC.
- ☒ H.P. ENVIRONMENTAL
- ☒ HUDSON MERIDIAN CONSTRUCTION GROUP, LLC F/K/A MERIDIAN CONSTRUCTION CORP.
- ☒ KOCH SKANSKA INC.
- ☒ LAQUILA CONSTRUCTION INC
- ☒ LASTRADA GENERAL CONTRACTING CORP
- ☒ LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEER P.C.
- ☒ LIBERTY MUTUAL GROUP
- ☒ LOCKWOOD KESSLER & BARTLETT, INC.
- ☒ LUCIUS PITKIN, INC
- ☒ LZA TECH-DIV OF THORTON TOMASETTI
- ☒ MANAFORT BROTHERS, INC.
- ☒ MAZZOCCHI WRECKING, INC.
- ☒ MORETRENCH AMERICAN CORP.
- ☒ MRA ENGINEERING P.C.
- ☒ MUESER RUTLEDGE CONSULTING ENGINEERS
- ☒ NACIREMA INDUSTRIES INCORPORATED
- ☒ NEW YORK CRANE & EQUIPMENT CORP.
- ☒ NICHOLSON CONSTRUCTION COMPANY
- ☒ PETER SCALAMANDRE & SONS, INC.
- ☐ PHILLIPS AND JORDAN, INC.
- ☒ PINNACLE ENVIRONMENTAL CORP
- ☒ PLAZA CONSTRUCTION CORP.
- ☒ PRO SAFETY SERVICES, LLC
- ☒ PT & L CONTRACTING CORP
- ☐ REGIONAL SCAFFOLD & HOISTING CO, INC.
- ☒ ROBER SILMAN ASSOCIATES
- ☒ ROBERT L GEROSA, INC
- ☒ RODAR ENTERPRISES, INC.
- ☒ ROYAL GM INC.
- ☒ SAB TRUCKING INC.
- ☒ SAFEWAY ENVIRONMENTAL CORP
- ☒ SEASONS INDUSTRIAL CONTRACTING
- ☒ SEMCOR EQUIPMENT & MANUFACTURING CORP.
- ☒ SILVERITE CONTRACTING CORPORATION
- ☐ SILVERSTEIN PROPERTIES
- ☐ SILVERSTEIN PROPERTIES, INC.
- ☐ SILVERSTEIN WTC FACILITY MANAGER, LLC
- ☐ SILVERSTEIN WTC, LLC
- ☐ SILVERSTEIN WTC MANAGEMENT CO., LLC
- ☐ SILVERSTEIN WTC PROPERTIES, LLC
- ☐ SILVERSTEIN DEVELOPMENT CORP.
- ☐ SILVERSTEIN WTC PROPERTIES LLC
- ☒ SIMPSON GUMPERTZ & HEGER INC
- ☒ SKIDMORE OWINGS & MERRILL LLP
- ☒ SURVIVAIR
- ☐ TAYLOR RECYCLING FACILITY LLC
- ☒ TISHMAN INTERIORS CORPORATION,
- ☒ TISHMAN SPEYER PROPERTIES,
- ☒ TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN
- ☒ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK
- ☒ THORNTON-TOMASETTI GROUP, INC.
- ☒ TORRETTA TRUCKING, INC
- ☒ TOTAL SAFETY CONSULTING, L.L.C
- ☒ TUCCI EQUIPMENT RENTAL CORP
- ☒ TULLY CONSTRUCTION CO., INC.
- ☐ TULLY ENVIRONMENTAL INC.
- ☐ TULLY INDUSTRIES, INC.
- ☐ TURNER CONSTRUCTION CO.
- ☒ TURNER CONSTRUCTION COMPANY
- ☒ ULTIMATE DEMOLITIONS/CS HAULING
- ☒ VERIZON NEW YORK INC,
- ☒ VOLLMER ASSOCIATES LLP
- ☐ W HARRIS & SONS INC
- ☒ WEEKS MARINE, INC.
- ☒ WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C.
- ☒ WHITNEY CONTRACTING INC.
- ☒ WOLKOW-BRAKER ROOFING CORP
- ☐ WORLD TRADE CENTER PROPERTIES, LLC
- ☒ WSP CANTOR SEINUK GROUP
- ☒ YANNUZZI & SONS INC
- ☒ YONKERS CONTRACTING COMPANY, INC.
- ☒ YORK HUNTER CONSTRUCTION, LLC
- ☒ ZIEGENFUSS DRILLING, INC.
- ☐ OTHER: _____

The specific Defendants alleged relationship to the property, as indicated below or as otherwise the evidence may disclose, or their role with relationship to the work threat, gives rise to liability under the causes of actions alleged, as referenced in the Master Complaint in 21 MC 102.

*Instruction: The Defendant(s) names in the 21 MC 102 Master Complaint are re-stated below. The Defendant's are listed by reference to the building and/or location at which this specific plaintiff alleges to have worked.* . Each sub- paragraph shall be deemed to allege: "With reference to (*address*), the defendant (*entity*) was a and/or the *(relationship)* of and/or at the subject property and/or in such relationship as the evidence may disclose," (i.e. With reference to *4 Albany Street*, defendant *Bankers Trust Company,* was the *owner* of the subject project and/or in such relationship as the evidence may disclose)

☑ 1. With reference to (*address as checked below*), the defendant (*entity as checked below*) was a and/or the *(relationship as indicated below)* of and/or at the subject property and/or in such relationship as the evidence may disclose.

☑ (1-93) 200 LIBERTY STREET (ONE WORLD FINANCIAL CENTER)
  ☑ A. BATTERY PARK CITY AUTHORITY (OWNER)
  ☑ B. BROOKFIELD PROPERTIES CORPORATION (OWNER)
  ☑ C. BROOKFIELD FINANCIAL PROPERTIES, LP (OWNER)
  ☑ D. BROOKFIELD FINANCIAL PROPERTIES, INC. (OWNER)
  ☑ E. BROOKFIELD PROPERTIES HOLDINGS INC. (OWNER)
  ☑ F. BROOKFIELD PARTNERS, LP (OWNER)
  ☑ G. WFP TOWER A CO. (OWNER)
  ☑ H. WFP TOWER A CO. L.P. (OWNER)
  ☑ I WFP TOWER A. CO. G.P. CORP. (OWNER)
  ☑ J. TUCKER ANTHONY, INC. (AGENT)

☑ K. BLACKMON-MOORING-STEAMATIC CATASTOPHE, INC. d/b/a BMS CAT (CONTRACTOR/AGENT)

☑ (1-94) 225 LIBERTY STREET (TWO WORLD FINANCIAL CENTER)
  ☑ A. BATTERY PARK CITY AUTHORITY (OWNER)
  ☑ B. BROOKFIELD PROPERTIES CORPORATION (OWNER)
  ☑ C. BROOKFIELD PARTNERS, L.P. (OWNER)
  ☑ D. BROOKFIELD PROPERTIES HOLDINGS INC. (OWNER)
  ☑ E. BROOKFIELD FINANCIAL PROPERTIES, L.P. (OWNER)
  ☑ F. BROOKFIELD FINANCIAL PROPERTIES, INC. (OWNER)
  ☑ G. MERRILL LYNCH & CO, INC. (OWNER)

10

- ☑ H. WESTON SOLUTIONS, INC. (AGENT/CONTRACTOR)
- ☑ I. GPS ENVIRONMENTAL CONSULTANTS, INC. (AGENT/CONTRACTOR)
- ☑ J. INDOOR ENVIRONMENTAL TECHNOLOGY, INC. (AGENT/CONTRACTOR)
- ☑ K. BLACKMON-MOORING-STEAMATIC CATASTOPHE, INC. d/b/a BMS CAT (AGENT/CONTRACTOR)
- ☑ L. STRUCTURE TONE, (UK) INC. (CONTRACTOR)
- ☑ M. STRUCTURE TONE GLOBAL SERVICES, INC (CONTRACTOR)
- ☑ N. ENVIROTECH CLEAN AIR, INC. (CONTRACTOR)
- ☑ O. ALAN KASMAN DBA KASCO (CONTRACTOR)
- ☑ P. KASCO RESTORATION SERVICES CO. (CONTRACTOR)
- ☑ Q. NOMURA HOLDING AMERICA, INC. (OWNER)
- ☑ R. NOMURA SECURITIES INTERNATIONAL, INC. (OWNER)
- ☑ S. WFP TOWER B HOLDING CO., LP (OWNER)
- ☑ T. WFP TOWER B CO., G.P. CORP. (OWNER)
- ☑ U. WFP TOWER B CO. L.P. (OWNER)
- ☑ V. TOSCORP. INC. (OWNER)
- ☑ W. HILLMAN ENVIRONMENTAL GROUP, LLC. (AGENT/CONTRACTOR)
- ☑ X. ANN TAYLOR STORES CORPORATION (OWNER)

☑ (1-95) 200 VESEY STREET (THREE WORLD FINANCIAL CENTER)
- ☑ A. BFP TOWER C CO. LLC. (OWNER)
- ☑ B. BFP TOWER C MM LLC. (OWNER)
- ☑ C. WFP RETAIL CO. L.P. (OWNER)
- ☑ D. WFP RETAIL CO. G.P. CORP. (OWNER)
- ☑ E. AMERICAN EXPRESS COMPANY (OWNER)
- ☑ F. AMERICAN EXPRESS BANK, LTD (OWNER)
- ☑ G. AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. (OWNER)
- ☑ H. LEHMAN BROTHERS, INC. (OWNER)
- ☑ I. LEHMAN COMMERCIAL PAPER, INC. (OWNER)
- ☑ J. LEHMAN BROTHERS HOLDINGS INC. (OWNER)
- ☑ K. TRAMMELL CROW COMPANY (AGENT)
- ☑ L. MCCLIER CORPORATION (AGENT)
- ☑ M. TRAMMELL CROW CORPORATE SERVICES, INC. (AGENT)
- ☑ N. BLACKMON-MOORING-STEAMATIC CATASTOPHE, INC. d/b/a BMS CAT (AGENT/CONTRACTOR)

☑ (1-96) 250 VESEY STREET (FOUR WORLD FINANCIAL CENTER)
- ☑ A. BATTERY PARK CITY AUTHORITY (OWNER)
- ☑ B. BROOKFIELD PROPERTIES CORPORATION (OWNER)
- ☑ C. BROOKFIELD FINANCIAL PROPERTIES, LP. (OWNER)
- ☑ D. BROOKFIELD FINANCIAL PROPERTIES, INC. (OWNER)
- ☑ E. BROOKFIELD PROPERTIES HOLDINGS, INC. (OWNER)
- ☑ F. BROOKFIELD PARTNERS, LP (OWNER)
- ☑ G. WFP TOWER D CO. L.P. (OWNER)
- ☑ H. WFP TOWER D CO., G.P. CORP. (OWNER)
- ☑ I. WFP TOWER D HOLDING I G.P. CORP. (OWNER)
- ☑ J. WFP TOWER D HOLDING CO. I L.P. (OWNER)
- ☑ K. WFP TOWER D HOLDING CO. II L.P. (OWNER)
- ☑ L. MERRILL LYNCH & CO, INC. (OWNER)
- ☑ M. WESTON SOLUTIONS, INC. (AGENT/CONTRACTOR)
- ☑ N. GPS ENVIRONMENTAL CONSULTANTS, INC. (AGENT/CONTRACTOR)
- ☑ O. INDOOR ENVIRONMENTAL TECHNOLOGY, INC. (AGENT/CONTRACTOR)
- ☑ P. BLACKMON-MOORING-STEAMATIC CATASTOPHE, NC. d/b/a BMS CAT (AGENT/CONTRACTOR)
- ☑ Q. STRUCTURE TONE, (UK) INC. (AGENT/CONTRACTOR)
- ☑ R. STRUCTURE TONE GLOBAL SERVICES, INC (AGENT/CONTRACTOR)
- ☑ S. ENVIROTECH CLEAN AIR, INC. (AGENT/CONTRACTOR)
- ☑ T. ALAN KASMAN DBA KASCO (AGENT/CONTRACTOR)
- ☑ U. KASCO RESTORATION SERVICES CO. (AGENT/CONTRACTOR)

☐ OTHER: if an individual plaintiff is alleging injury sustained at a building/location other than as above, and/or if an individual plaintiff is alleging an injury sustained at a building/location above, but is alleging a claim against a defendant not listed for said building, plaintiff should check this box, and attach a Rider. Individual plaintiff should then immediately notify Plaintiff Liaison by email and in writing, and request an amendment to the Master Pleadings and the Check-Off Complaint pursuant to the applicable CMO governing said amendment.

## II. JURISDICTION

The Court's jurisdiction over the subject matter of this action is:

☑ Founded upon Federal Question Jurisdiction; specifically; ☑; Air Transport Safety & System Stabilization Act of 2001, (or); ☐ Federal Officers Jurisdiction, (or); ☐ Other (specify): _____; ☐ Contested, but the Court has already determined that it has removal jurisdiction over this action, pursuant to 28 U.S.C. § 1441.

## III  CAUSES OF ACTION

Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

| | | | |
|---|---|---|---|
| ☑ | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including §§ 200 and 240 | ☑ | Common Law Negligence, including allegations of Fraud and Misrepresentation |
| ☑ | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6) | | ☑  Air Quality; <br> ☑  Effectiveness of Mask Provided; <br> ☐  Effectiveness of Other Safety Equipment Provided |
| ☐ | Pursuant to New York General Municipal Law §205-a | | (specify: _____); <br> ☑ Other(specify): <u>Not yet determined.</u> |
| ☐ | Pursuant to New York General Municipal Law §205-e | ☐ | Wrongful Death |
| | | ☑ | Loss of Services/Loss of Consortium for Derivative Plaintiff |
| | | ☐ | Other: _____ |

13

## IV   CAUSATION, INJURY AND DAMAGE

1. As a direct and proximate result of defendant's culpable actions in the rescue and/or recovery and/or construction, renovation, alteration, demolition and all work performed at the premises, the Injured Plaintiff sustained (including, but not limited to) the following injuries:

| | | | |
|---|---|---|---|
| ☐ | Cancer Injury: <u>N/A.</u><br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ | ☐ | Cardiovascular Injury: <u>N/A.</u><br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |
| ☑ | Respiratory Injury: <u>Cough; Respiratory Problems; Shortness of Breath</u><br>Date of onset: <u>To be supplied at a later date</u><br>Date physician first connected this injury to WTC work: <u>To be supplied at a later date</u> | ☑ | Fear of Cancer<br>Date of onset: <u>To be supplied at a later date</u><br>Date physician first connected this injury to WTC work: <u>To be supplied at a later date</u> |
| ☐ | Digestive Injury: <u>N/A.</u><br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ | ☑ | Other Injury: <u>N/A.</u><br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |

*NOTE: The foregoing is NOT an exhaustive list of injuries that may be alleged.*

2. As a direct and proximate result of the injuries identified in paragraph "1", above, the Ground Zero-Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

========================================================================
| | | | |
|---|---|---|---|
| ☑ | Pain and suffering | ☑ | Expenses for medical care, treatment, and rehabilitation |
| ☑ | Loss of the enjoyment of life | ☑ | Other:<br>☑ Mental anguish<br>☑ Disability<br>☑ Medical monitoring |
| ☑ | Loss of earnings and/or impairment of earning capacity | | |
| ☑ | Loss of retirement benefits/diminution of retirement benefits | | ☑ Other: <u>Not yet determined.</u> |

========================================================================

3. ☑   As a direct and proximate result of the injuries described *supra*, the derivative plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

14

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

**Plaintiff(s) demands that all issues of fact in this case be tried before a properly empanelled jury.**

Dated: New York, New York
       September 19, 2007

        Yours, etc.,

        **Worby, Groner Edelman & Napoli Bern, LLP**
        Attorneys for Plaintiff(s), Richard Nolan and Stephanie Nolan

By: _____
        Christopher R. LoPalo (CL 6466)
        115 Broadway
        12th Floor
        New York, New York 10006
        Phone: (212) 267-3700

ATTORNEY VERIFICATION

CHRISTOPHER R. LOPALO, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

He is the attorney for the plaintiff(s) in the above-entitled action. That he has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) herein reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

DATED:    New York, New York
          September 19, 2007

_____
CHRISTOPHER R. LOPALO

Docket No:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

====================================================================

Richard Nolan (and Wife, Stephanie Nolan),

Plaintiff(s)

- against -

SEE RIDER

Defendant(s).

====================================================================

**SUMMONS AND VERIFIED COMPLAINT**

====================================================================

**WORBY GRONER EDELMAN & NAPOLI BERN, LLP**

*Attorneys for:* Plaintiff(s)
*Office and Post Office Address, Telephone*
115 Broadway - 12th Floor
New York, New York 10006
(212) 267-3700

====================================================================

To
Attorney(s) for

====================================================================

Service of a copy of the within

is hereby admitted.

Dated,

_____

Attorney(s) for

====================================================================

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**
    that the within is a (certified) true copy of an
    duly entered in the office of the clerk of the within named court on_____20___

☐ **NOTICE OF SETTLEMENT**
    that an order _____ of which the within is a true copy
    will be presented for settlement to the HON. _____ one of the
    judges of the
    within named Court, at
    on_____20____ at_____M.
    Dated,

        Yours, etc.,
        **WORBY GRONER EDELMAN & NAPOLI BERN, LLP**

====================================================================